*C. H. Parker, solicitor,* contra.

---

### 13814.   WILKES *v.* PROCTOR.

The issues involved being moot, because the case is no longer pending in the court below, the writ of error must be dismissed.

DECIDED DECEMBER 12, 1922.

Complaint; from city court of Reidsville — Judge Cowart. June 27, 1922.

The bill of exceptions states that the second new trial was granted to the plaintiff with the understanding and promise on his part that if the court would grant the new trial he would withdraw or dismiss his suit; and the judgment granting a new trial is assigned as error, as being contrary to law. It is further stated that on the plaintiff's motion the court on the same day dismissed the plaintiff's case; and this is assigned as error " for the reason that the said case had been twice adjudicated and the plea of failure of consideration in part sustained, and to dismiss the case was in this way prejudicial to the rights of the defendant."

There was a motion to dismiss the writ of error, on the ground that no proceeding was pending upon which a bill of exceptions could be taken, and that the issues involved were moot.

*A. S. Way, S. B. McCall,* for plaintiff in error.

*H. C. Beasley,* contra.

LUKE, J. Proctor sued Wilkes upon a promissory note, and Wilkes filed a plea of partial failure of consideration. Proctor recovered a judgment in a sum less than that sued for. A new trial was granted upon Proctor's motion for a new trial. There was a second trial of the case, and he again recovered a judgment for less than the amount sued for. His motion for a new trial was again granted. After the granting of the new trial Proctor dismissed the suit.

The issues involved are moot, because the case is no longer pending in the superior court, and the writ of error must be dismissed. See *Atlanta & West Point R. Co.* v. *Golightly,* 148 *Ga.* 582 (1) (97 S. E. 516).

*Writ of error dismissed. Broyles, C. J., and Bloodworth, J., concur.*